UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Kevin Carlberg on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Regions Hospital and<br>Computer Credit, Inc.,<br><br>Defendants. | Case No:  0:13-cv-02910-PJS-TNL<br><br><br><br>**DEFENDANT REGIONS HOSPITAL'S ANSWER TO AMENDED COMPLAINT** |

Defendant Regions Hospital ("Regions"), as and for its Answer to plaintiff's Amended Complaint, states as follows:

## INTRODUCTION

1. In response to the allegations contained in Paragraph 1 of plaintiff's Amended Complaint, Regions admits that plaintiff purports to bring claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, but denies that plaintiff has any viable claims under that Act. Regions denies any factual allegations contained in Paragraph 1.

## JURISDICTION

2. Regions admits that the Court has jurisdiction over this matter, and denies any factual allegations contained in Paragraph 2 of plaintiff's Amended Complaint.

3. In response to the allegations contained in Paragraph 3 of plaintiff's Amended Complaint, Regions admits that it conducts business in Minnesota and that

venue is proper in this Court. Regions denies any remaining factual allegations contained in Paragraph 3.

## PARTIES

4. Regions is without information sufficient to form a belief as to the truth or falsity of the factual allegations contained in Paragraph 4 of plaintiff's Amended Complaint, and as a result, Regions denies those allegations. In addition, Paragraph 4 contains legal conclusions to which no response is required.

5. In response to the allegations contained in Paragraph 5 of plaintiff's Amended Complaint, Regions admits that it is a healthcare facility located at 640 Jackson Street in the City of St. Paul, Minnesota. Regions denies the remaining factual allegations contained in Paragraph 5. In addition, Paragraph 5 sets forth legal conclusions to which no response is required.

6. Regions is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 6 of plaintiff's Amended Complaint, and as a result, Regions denies those allegations.

## FACTUAL ALLEGATIONS

7. In response to the allegations contained in Paragraph 7 of plaintiff's Amended Complaint, Regions admits that plaintiff incurred a financial obligation with Regions for services performed prior to April 23, 2013. Regions denies the remaining factual allegations contained in Paragraph 7. In addition, Paragraph 7 sets forth legal conclusions to which no response is required.

8. Regions is without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 of plaintiff's Amended Complaint, and as a result, Regions denies those allegations.

9. Regions denies the allegations contained in Paragraph 9 of plaintiff's Amended Complaint.

10. In response to the allegations contained in Paragraph 10 of plaintiff's Amended Complaint, Regions states that plaintiff did not serve an "attached Exhibit 1" with his Amended Complaint. As a result, Regions is without information sufficient to form a belief as to the contents of the April 23, 2013, letter referenced herein. Regions further states that any April 23, 2013, letter speaks for itself. Regions denies the remaining allegations, if any, contained in Paragraph 10.

11. The allegations contained in Paragraph 11 of plaintiff's Amended Complaint are so vague as to defy a meaningful response, and as a result, Regions denies the allegations contained in Paragraph 11.

12. Regions denies the allegations contained in Paragraph 12 of plaintiff's Amended Complaint.

13. Regions denies the allegations contained in Paragraph 13 of plaintiff's Amended Complaint.

14. Regions denies the allegations contained in Paragraph 14 of plaintiff's Amended Complaint.

15. Regions is without information sufficient to form a belief as to the allegations contained in Paragraph 15 of plaintiff's Amended Complaint, and as a result,

Regions denies those allegations. Regions further states that any April 23, 2013, letter speaks for itself.

16. Regions is without information sufficient to form a belief as to the allegations contained in Paragraph 16 of plaintiff's Amended Complaint, and as a result, Regions denies those allegations. Regions further states that any April 23, 2013, letter speaks for itself.

17. In response to the allegations contained in Paragraph 17 of plaintiff's Amended Complaint, Regions states that plaintiff did not serve an "attached Exhibit 1" with his Amended Complaint. As a result, Regions is without information sufficient to form a belief as to the contents of the April 23, 2013, letter referenced herein. Regions further states that any April 23, 2013, letter speaks for itself. Regions denies the remaining allegations, if any, contained in Paragraph 17.

18. In response to the allegations contained in Paragraph 18 of plaintiff's Amended Complaint, Regions states that plaintiff did not serve an "attached Exhibit 2" with his Amended Complaint. As a result, Regions is without information sufficient to form a belief as to the contents of the May 7, 2013, letter referenced herein. Regions further states that any May 7, 2013, letter speaks for itself. Regions denies the remaining allegations, if any, contained in Paragraph 18.

19. Regions is without information sufficient to form a belief as to the allegations contained in Paragraph 19 of plaintiff's Amended Complaint, and as a result, Regions denies those allegations. Regions further states that any May 7, 2013, letter speaks for itself.

20. Regions denies the allegations contained in Paragraph 20 of plaintiff's Amended Complaint.

21. Regions denies the factual allegations contained in Paragraph 21 of plaintiff's Amended Complaint. Regions further states that any May 7, 2013, letter speaks for itself. In addition, Paragraph 21 sets forth legal conclusions to which no response is required.

22. Regions denies the allegations contained in Paragraph 22 of plaintiff's Amended Complaint.

23. Regions denies the allegations contained in Paragraph 23 of plaintiff's Amended Complaint. Regions further states that any May 7, 2013, letter speaks for itself.

24. Regions denies the allegations contained in Paragraph 24 of plaintiff's Amended Complaint.

## CLASS ALLEGATIONS

25. In response to the allegations contained in Paragraph 25 of plaintiff's Amended Complaint, Regions admits that plaintiff purports to bring claims on behalf of certain individuals in Minnesota under Rule 23 of the Federal Rules of Civil Procedure. Regions denies that plaintiff's claims satisfy the requirements of the Rules. Regions denies any factual allegations contained in Paragraph 25.

26. Regions denies the allegations contained in Paragraph 26 of plaintiff's Amended Complaint.

27. Regions denies the allegations contained in Paragraph 27 of plaintiff's Amended Complaint.

28. Regions denies the allegations contained in Paragraph 28 of plaintiff's Amended Complaint.

29. Regions denies the allegations contained in Paragraph 29 of plaintiff's Amended Complaint.

30. Regions denies the allegations contained in Paragraph 30 of plaintiff's Amended Complaint.

31. Regions denies the allegations contained in Paragraph 31 of plaintiff's Amended Complaint.

## TRIAL BY JURY

32. In response to the allegations contained in Paragraph 32 of plaintiff's Amended Complaint, Regions admits that plaintiff seeks a jury trial.

## CAUSES OF ACTION

### COUNT I.
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, *et seq.*
### *(Defendant Regions Hospital)*

33. Paragraph 33 of plaintiff's Amended Complaint contains no new allegations. In response to Paragraph 33, Regions reasserts its answers to Paragraphs 1 to 32 above.

34. Regions denies the allegations contained in Paragraph 34 of plaintiff's Amended Complaint.

35. Regions denies the allegations contained in Paragraph 35 of plaintiff's Amended Complaint.

36. Regions denies the allegations contained in Paragraph 36 of plaintiff's Amended Complaint.

## COUNT II.
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, *et seq.*
## *(Defendant CCI)*

37. Paragraph 37 of plaintiff's Amended Complaint contains no new allegations. In response to Paragraph 37, Regions reasserts its answers to Paragraphs 1 to 36 above.

38. The allegations contained in Paragraph 38 of plaintiff's Amended Complaint do not relate to Regions. Regions denies the allegations contained in Paragraph 38.

39. The allegations contained in Paragraph 39 of plaintiff's Amended Complaint do not relate to Regions. Regions denies the allegations contained in Paragraph 39.

40. The allegations contained in Paragraph 40 of plaintiff's Amended Complaint do not relate to Regions. Regions denies the allegations contained in Paragraph 40.

## **WHEREFORE**

41. Regions denies that plaintiff is entitled to relief of any kind including any of the relief sought in the "Wherefore" section of plaintiff's Amended Complaint.

42. Regions denies that it engaged in any unlawful practice that has damaged plaintiff or would result in a judgment in favor of plaintiff.

43.     Regions denies each and every allegation contained in plaintiff's Amended Complaint, except those allegations expressly admitted above.

## AFFIRMATIVE DEFENSES

1.      Plaintiff's Amended Complaint fails to state a claim upon defendant Regions which relief can be granted.

2.      Without relieving plaintiff of his burden of proof, defendant Regions states that it is not a "debt collector" under the FDCPA.

3.      Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or by plaintiff's failure to comply with the procedural requirements for filing this action and/or repose.

4.      Plaintiff may not recover damages to the extent he failed to mitigate his alleged damages.

5.      Without relieving plaintiff of his burden of proof, defendant Regions states that it acted in good faith and in full compliance with state and federal law at all times relevant to the events alleged in plaintiff's Amended Complaint.

6.      If plaintiff was damaged as he alleges, his damages were caused by his own acts or the acts of those other than defendant Regions.

7.      The imposition of punitive or exemplary damages in this case would violate the due process and excessive fines clauses under the Constitutions of the United States and the State of Minnesota.

8.     Without relieving plaintiff of his burden of proof, defendant Regions states that it did not willfully, maliciously and/or negligently violate plaintiff's rights under state or federal law.

9.     Plaintiffs' claims are barred in whole or in part by waiver, estoppel, laches, and/or unclean hands.

10.    Plaintiff lacks standing to pursue some of the allegations and/or claims as alleged in the Amended Complaint.

11.    Defendant Regions states that, if any violation of the Fair Debt Collection Act occurred, such a violation was not intentional and was the result of a bone fide error that arose despite procedures reasonably designed to avoid any such error.

12.    Plaintiff has requested relief not authorized by law.

Defendant Regions is continuing its investigation and study of all facts and circumstances of the subject matter of the Amended Complaint, and accordingly, reserves the right to amend, modify, revise or supplement its Answer, and to plead such further defenses and take such further actions as it may deem proper and necessary in its defense upon the completion of such investigation and study.

WHEREFORE, defendant Regions respectfully requests that this Court:

(i)    Enter judgment dismissing plaintiff's Amended Complaint with prejudice;
(ii)   Award defendant Regions its attorneys' fees, costs and disbursements incurred; and
(iii)  Award defendant Regions any and all other relief that the Court deems just and equitable.

Date: <u>December 23, 2013</u>  LARSON • KING, LLP

By: <u>s/ David M. Wilk</u>
    David M. Wilk  (#222860)
    Shawn M. Raiter  (#240424)
    Paul A. Sand  (#391473)
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, Minnesota  55101
Telephone:  (651) 312-6500
dwilk@larsonking.com
sraiter@larsonking.com
psand@larsonking.com

**ATTORNEYS FOR DEFENDANT REGIONS HOSPITAL**