UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Court File No.: 13-CV-02910 PJS/TNL

Kevin Carlberg on behalf of himself and all
others similarly situated,

        Plaintiff,

v.

Regions Hospital and
Computer Credit, Inc.,

        Defendants.

**ANSWER OF DEFENDANT COMPUTER CREDIT, INC.**

Defendant Computer Credit, Inc. ("CCI") for its Answer to Plaintiff Kevin Carlberg's Amended Class Action Complaint ("Amended Complaint"), states and alleges as follows:

## INTRODUCTION

1. In response to Paragraph 1 of the Amended Complaint, CCI admits that the Amended Complaint purports to assert claims under the Fair Debt Collection Practices Act ("FDCPA"), but denies that it violated any provision of the FDCPA. CCI alleges that the remaining allegations contained in Paragraph 1 constitute legal conclusions to which no additional response is required. In addition, CCI states that except as hereinafter admitted, qualified, or otherwise answered, CCI denies each and every allegation contained elsewhere in the Amended Complaint.

## JURISDICTION

2. In response to Paragraph 2 of the Amended Complaint, CCI admits that this Court has jurisdiction over this action, but denies any factual allegations contained in Paragraph 2 of the Amended Complaint.

3. In response to Paragraph 3 of the Amended Complaint, CCI admits that CCI lawfully transacts business within this District and admits that this Court would be an appropriate venue for a properly pleaded FDCPA Complaint. CCI denies any remaining factual allegations contained in Paragraph 3 of the Amended Complaint.

## PARTIES

4. In response to Paragraph 4 of the Amended Complaint, CCI lacks sufficient knowledge and information to admit or deny Plaintiff's residence. CCI denies the remaining factual allegations contained in Paragraph 4 of the Amended Complaint. In addition, Paragraph 4 of the Amended Complaint contains legal conclusions to which no response is required.

5. In response to Paragraph 5 of the Amended Complaint, CCI admits upon information and belief that Regions Hospital ("Regions") is a healthcare facility located at 640 Jackson Street in the City of St. Paul, Minnesota. CCI denies the remaining factual allegations contained in Paragraph 5 of the Amended Complaint. In addition, Paragraph 5 of the Amended Complaint contains legal conclusions to which no response is required.

6. In response to Paragraph 6 of the Amended Complaint, CCI admits that it has a principal place of business at 640 West Fourth Street, Winston-Salem, North

Carolina 27101 and that it lawfully conducts business in the State of Minnesota. CCI denies the remaining factual allegations contained in Paragraph 6 of the Amended Complaint. In addition, Paragraph 6 of the Amended Complaint contains legal conclusions to which no response is required.

## FACTUAL ALLEGATIONS

7. In response to Paragraph 7 of the Amended Complaint, CCI admits upon information and belief that Plaintiff incurred a financial obligation with Regions for services performed prior to April 23, 2013. CCI lacks sufficient knowledge and information to admit or deny the remaining factual allegations contained in Paragraph 7 of the Amended Complaint. In addition, Paragraph 7 of the Amended Complaint contains legal conclusions to which no response is required.

8. CCI lacks sufficient knowledge and information to admit or deny the remaining factual allegations contained in Paragraph 8 of the Amended Complaint.

9. CCI denies the allegations contained in Paragraph 9 of the Amended Complaint.

10. In response to Paragraph 10 of the Amended Complaint, CCI avers that Plaintiff did not serve an "attached Exhibit 1" with his Amended Complaint, and later served "Exhibit 1" is incomplete. CCI denies that such later served exhibit accurately and completely represents the correspondence that it had with Plaintiff. However, CCI admits that it sent a letter to Plaintiff on April 23, 2013 and specifically avers that such correspondence sent by CCI to Plaintiff speaks for itself and in all respects complied with

the requirements of all applicable law.  CCI denies any remaining factual allegations contained in Paragraph 10 of the Amended Complaint.

11.     In response to Paragraph 11 of the Amended Complaint, CCI admits that correspondence sent by CCI to Plaintiff was properly and accurately printed on CCI's letterhead.  CCI denies any remaining factual allegations contained in Paragraph 11 of the Amended Complaint.

12.     CCI denies the allegations contained in Paragraph 12 of the Amended Complaint.

13.     CCI denies the allegations contained in Paragraph 13 of the Amended Complaint.

14.     CCI denies the allegations contained in Paragraph 14 of the Amended Complaint.

15.     In response to Paragraph 15 of the Amended Complaint, CCI specifically avers that any correspondence sent by CCI to Plaintiff speaks for itself and in all respects complied with the requirements of all applicable law.  CCI denies any remaining factual allegations contained in Paragraph 15 of the Amended Complaint.

16.     In response to Paragraph 16 of the Amended Complaint, CCI specifically avers that any correspondence sent by CCI to Plaintiff speaks for itself and in all respects complied with the requirements of all applicable law.  CCI denies any remaining factual allegations contained in Paragraph 16 of the Amended Complaint.

17.     In response to Paragraph 17 of the Amended Complaint, CCI avers that Plaintiff did not serve an "Attached Exhibit 1" with his Amended Complaint, and later

served "Exhibit 1" is incomplete. CCI denies that such later served exhibit accurately and completely represents the correspondence that it had with Plaintiff. However, CCI further avers that any correspondence sent by CCI to Plaintiff speaks for itself and in all respects complied with the requirements of all applicable law. CCI denies any remaining factual allegations contained in Paragraph 17 of the Amended Complaint.

18. In response to Paragraph 18 of the Amended Complaint, CCI avers that Plaintiff did not serve an "Attached Exhibit 2" with his Amended Complaint. CCI admits that it sent a letter to Plaintiff on May 7, 2013 and specifically avers that such correspondence sent by CCI to Plaintiff speaks for itself and in all respects complied with the requirements of all applicable law. CCI denies any remaining factual allegations contained in Paragraph 18 of the Amended Complaint.

19. In response to Paragraph 19 of the Amended Complaint, CCI specifically avers that any correspondence sent by CCI to Plaintiff speaks for itself and in all respects complied with the requirements of all applicable law. CCI denies any remaining factual allegations contained in Paragraph 19 of the Amended Complaint.

20. In response to Paragraph 20 of the Amended Complaint, CCI specifically avers that any correspondence sent by CCI to Plaintiff speaks for itself and in all respects complied with the requirements of all applicable law. CCI denies any remaining factual allegations contained in Paragraph 20 of the Amended Complaint.

21. CCI denies the allegations contained in Paragraph 21 of the Amended Complaint.

22. CCI denies the allegations contained in Paragraph 22 of the Amended Complaint.

23. In response to Paragraph 23 of the Amended Complaint, CCI specifically avers that any correspondence sent by CCI to Plaintiff speaks for itself and in all respects complied with the requirements of all applicable law. CCI denies any remaining factual allegations contained in Paragraph 23 of the Amended Complaint

24. CCI denies the allegations contained in Paragraph 24 of the Amended Complaint.

## CLASS ALLEGATIONS

25. In response to the allegations contained in Paragraph 25 of the Amended Complaint, CCI admits that Plaintiff purports to bring claims on behalf of certain individuals in Minnesota under Rule 23 of the Federal Rules of Civil Procedure. CCI denies that Plaintiff's claims satisfy the requirements of the Rules. CCI denies any factual allegations contained in Paragraph 25 of the Amended Complaint.

26. CCI denies the allegations contained in Paragraph 26 of the Amended Complaint.

27. CCI denies the allegations contained in Paragraph 27 of the Amended Complaint.

28. CCI denies the allegations contained in Paragraph 28 of the Amended Complaint.

29. CCI denies the allegations contained in Paragraph 29 of the Amended Complaint.

30. CCI denies the allegations contained in Paragraph 30 of the Amended Complaint.

31. CCI denies the allegations contained in Paragraph 31 of the Amended Complaint.

## TRIAL BY JURY

32. In response to Paragraph 32 of the Amended Complaint, CCI admits that Plaintiff seeks a jury trial.

## CAUSES OF ACTION

### Count I.
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, *et. seq.*
### *(Defendant Regions Hospital)*

33. Paragraph 33 of the Amended Complaint contains no new allegations. In response to Paragraph 33 of the Amended Complaint, CCI reasserts its answers to Paragraph 1 through 32 above and the same are incorporated by referenced herein.

34. CCI denies the allegations contained in Paragraph 34 of the Amended Complaint.

35. CCI denies the allegations contained in Paragraph 35 of the Amended Complaint.

36. CCI denies the allegations contained in Paragraph 36 of the Amended Complaint.

## COUNT II.
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, *et seq.*
### *(Defendant CCI)*

37. Paragraph 37 of the Amended Complaint contains no new allegations. In response to Paragraph 37 of the Amended Complaint, CCI reasserts its answers to Paragraph 1 through 36 above and the same are incorporated by referenced herein.

38. CCI denies the allegations contained in Paragraph 38 of the Amended Complaint.

39. CCI denies the allegations contained in Paragraph 39 of the Amended Complaint.

40. CCI denies the allegations contained in Paragraph 40 of the Amended Complaint.

## **AFFIRMATIVE DEFENSES**

41. CCI alleges that the Amended Complaint fails to state a claim upon which relief can be granted.

42. CCI alleges that prior to the alleged acts complained of in the Amended Complaint, it sought and obtained an advisory opinion of the Federal Trade Commission, a true and accurate copy of which is attached hereto as Exhibit A, which opinion approved of the structure, methods and participation of CCI in connection with the collection of debts such as described in the Amended Complaint. CCI has at all relevant times acted in good faith and in conformity with such opinion, which is hereby pleaded in bar of any recovery by Plaintiff in this action.

43. CCI alleges that Plaintiff has incurred no actual damages in connection with his alleged claims.

44. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or by Plaintiff's failure to comply with the procedural requirements for filing this action and/or repose.

45. Plaintiff may not recover damages to the extent he failed to mitigate his alleged damages.

46. Without relieving Plaintiff of his burden of proof, CCI avers that it acted in good faith in full compliance with state and federal law at all times relevant to the events alleged in Plaintiff's Amended Complaint.

47. If Plaintiff was damaged as he alleges, the existence of which damages is denied, his damages were caused by his own acts or the acts of those other than the Defendants in this action.

48. Without relieving Plaintiff of his burden of proof, CCI avers that it did not willfully, maliciously and/or negligently violate Plaintiff's rights under state or federal law.

49. Plaintiff's claims are barred in whole or in part by waiver, estoppel, laches, and/or unclean hands.

50. Plaintiff lacks standing to pursue certain of the allegations and/or claims as alleged in the Amended Complaint.

51. CCI avers that, if any violation of the Fair Debt Collection Practices Act occurred, which is denied, such violation was not intentional and was the result of a bona fide error that arose despite procedures reasonable designed to avoid any such error.

52. Plaintiff has requested relief not authorized by law.

53. The imposition of punitive or exemplary damages in this action would violate the due process and excessive fines clauses under the Constitutions of the United States and the State of Minnesota.

54. CCI reserves the right to assert additional defenses as the case progresses.

WHEREFORE, CCI prays that Plaintiff takes nothing by his asserted claims, that the lawsuit be dismissed with prejudice and on the merits, that any motion or other request for class certification be denied, and that CCI be awarded its attorneys' fees, costs, disbursements, and any other relief the Court deems just and proper.

                                              **BASSFORD REMELE**
                                              *A Professional Association*

Dated: January 30, 2014        By  s/ Michael A. Klutho
                                          Michael A. Klutho (License #186302)
                                          Daniel R. Olson (License #389235)
                                          33 South Sixth Street, Suite 3800
                                          Minneapolis, Minnesota  55402-3707
                                          Telephone:  (612) 333-3000
                                          mklutho@bassford.com
                                          dolson@bassford.com

*Admitted Pro Hac Vice*
NELSON MULLINS RILEY & SCARBOROUGH LLP
Mark A. Stafford, NC Bar License No. 16835
380 Knollwood Street, Suite 530
Winston-Salem, NC  27103
Telephone: 336.774-3333
Fax: 336.774.3374
E-mail: mark.stafford@nelsonmullins.com

*Attorneys for Defendant Computer Credit, Inc.*

~#4850-5181-0840 v.1 - 21387/01510 - 1/29/2014 10:52 AM~